```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SUSAN TAIT,<br><br>        Plaintiff,<br><br>  v.<br><br>56TH STREET RENTALS, LLC,<br>et al.,<br><br>        Defendants. | Civil Action<br>No. 12-4019 (JBS/KMW)<br><br>**OPINION** |

APPEARANCES:

Mark R. Sander, Esq.
SANDER & CARSON, P.C.
Willow Ridge Executive Park
750 Route 73 South, Suite 205
Marlton, NJ 08053
    Attorney for Defendant 56th Street Rentals, LLC

Steven J. Schatz, Esq.
WEINSTEIN & ASSOCIATES, P.C.
100 Grove Street
Haddonfield, NJ 08033
    Attorney for Plaintiff Susan Tait

**SIMANDLE,** CHIEF JUDGE:

**I. INTRODUCTION**

    Plaintiff Susan Tait brought this action alleging that she tripped and fell on the sidewalk in front of Defendant's property because of Defendant's negligence in maintaining the

sidewalk.[1] This matter comes before the Court on Defendant 56th Street Rentals' motion for summary judgment. [Docket Item 16.] Defendant asserts that Plaintiff fell on a feature of the road, not the sidewalk, and that there is no evidence that Defendant knew or should have known of the defect. Because there are genuine issues of material fact regarding the location of Plaintiff's fall and whether Defendant knew or should have known of the defect, Defendant's motion for summary judgment will be denied.[2]

## II. BACKGROUND

### A. Facts

On August 9, 2010, Plaintiff tripped and fell on uneven pavement in front of Defendant's property in North Wildwood, New Jersey. (Pl.'s Dep. 11:5-24:3, 40:12-54:22.) Plaintiff testified that her flip-flop caught in a depression. (Id. at 30:9-30:17, 40:12-42:4.) Plaintiff claims that the fall injured her right ankle, left knee, left lower back, left middle back, and left hip. (Id. at 34:25-37:8.)

At the area where she fell, there was a decorative lattice inlay in the middle of the sidewalk; in other words, there was a

---

[1] Plaintiff brought this action against Defendant 56th Street Rentals and unnamed Defendants ABC, Inc. (1-5) and John and Jane Does (1-5). Plaintiff has not identified any Defendants other than 56th Street Rentals, and this Opinion only discusses 56th Street Rentals.
[2] This Court has diversity jurisdiction under 28 U.S.C. § 1332.

2

wide strip of concrete, a decorative inlay, a second narrow strip of concrete, and then the curb. Between the decorative inlay and the curb, there was "a depressed concrete block" that caused the walking surface to be "uneven with changes in level of about 1-inch." (Pl. Ex. E at 2 (hereinafter "Posusney Report").) Plaintiff testified she tripped where the depressed concrete block met the curb. (Pl. Dep. 53:3-54:4.)

Prior to filing suit, Plaintiff circled on a photograph the area where she fell. (Def. Material Facts Not in Dispute ¶ 16.) The circle encompassed an area on the street side of the decorative inlay, including the depressed concrete block, the adjacent concrete block, the curb, and even part of the street. (Id. at Ex. E.) At her deposition, Plaintiff again circled the place where she fell. (Id. at 52:14-54:4.) This circle was more specific and identified an area directly adjacent to the curb. (Def. Material Facts Not in Dispute, Ex. D.) The circle encompassed part of the depressed concrete block, part of the adjacent concrete block, and potentially the edge of the curb. (Id.) Plaintiff repeatedly testified that she fell before reaching the curb. (Pl. Dep. 49:5-49:17, 52:3-52:21, 53:19-54:1.)

The decorative inlay did not have planted grass, only weeds growing between the lattice design. (Def. Ex. A-D.)

3

Plaintiff's expert witness, Professional Engineer John S. Posusney, asserted that the sidewalk was in a longstanding state of disrepair at the time of Plaintiff's accident. (Posusney Report at 5.) He further asserted that "if a competent person performed a visual inspection of the incident sidewalk, the trip and fall hazard that caused [Plaintiff's] accident would have been recognized and could have been eliminated through corrective maintenance." (Id. at 4.)

### B. Parties' Arguments

Defendant argues that there is no evidence that Defendant knew or should have known of the defect. Defendant also asserts that it did not have a duty to maintain the area where Plaintiff fell because the decorative inlay separates the curb from the sidewalk and, thus, Plaintiff fell on the curb area, which Defendant had no duty to maintain.

Plaintiff argues that there are genuine issues of material fact as to the location where she fell and disputes Defendant's characterization of the decorative inlay.

## III. ANALYSIS

### A. Standard of Review

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a

reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it might affect the outcome of the suit under the applicable rule of law. Id. The district court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007).

**B. Summary Judgment Is Inappropriate**

Under New Jersey negligence law[3], Plaintiff must prove, inter alia, the existence of a duty of care and a breach of that duty. Brunson v. Affinity Federal Credit Union, 199 N.J. 381, 400 (2009). There are three genuine issues of material fact in determining whether Defendant owed a duty of care and breached such duty: (1) the characterization of the decorative inlay, (2) the location of Plaintiff's fall, and (3) whether Defendant knew or should have known of the defect. Accordingly, summary judgment is inappropriate.

**1. Characterization of Decorative Inlay**

The characterization of the decorative lattice inlay is a genuine issue of material fact.

---

[3] The Court sitting in diversity must apply the substantive law of the state whose laws govern the action, in this case, New Jersey. See Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1365 (3d Cir. 1993).

5

The "primary function of a sidewalk" is "the public's right to travel on it." Davis v. Pecorino, 69 N.J. 1, 5 (1975). Commercial landowners are "liable for injuries on the sidewalks abutting their property that are caused by their negligent failure to maintain the sidewalks in reasonably good condition." Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 150 (1981). The duty of a commercial landowner to maintain abutting sidewalks does not extend to maintaining curbs that are separated from the sidewalk by a grass strip. Levin v. Devoe, 221 N.J. Super. 61, 65 (App. Div. 1987). "A curb separated from the sidewalk by a grass strip is a feature of the road, not the sidewalk. Its primary functions are to channel surface water from the road into storm drains and to serve as a barrier for cars to park against." Levin v. Devoe, 221 N.J. Super. 61, 65 (App. Div. 1987).

It is undisputed that Defendant is a commercial landowner and thus it has a duty to maintain, in reasonably good condition, sidewalks abutting its property. Plaintiff's fall occurred on the street side of the decorative inlay. Defendant argues that the decorative inlay is synonymous with a grass strip and thus the fall occurred on a feature of the curb rather than the sidewalk.

The Court cannot hold, as a matter of law, that the decorative inlay should be characterized as a grass strip or

6

that the area where Plaintiff fell was part of the curb. New Jersey courts have not held that a decorative inlay is synonymous with the grass strip in Levin. Moreover, in this case, a reasonable jury could conclude that the decorative inlay was not synonymous because it did not directly touch the curb and played no role in channeling surface water or serving as a barrier to cars to park. In addition, because there was no planted grass in the decorative inlay, a reasonable jury could conclude that the inlay and the strip of sidewalk on the street side of the decorative inlay were within the pathway for pedestrian travel.

Characterization of the decorative inlay is a genuine issue of material fact, and summary judgment is inappropriate.

**2. Characterization of Location of Plaintiff's Fall**

If a jury concluded that the concrete strip between the inlay and the curb is part of the sidewalk that Defendant must maintain, there would be a genuine factual issue as to whether Plaintiff tripped on the sidewalk or the curb.

Prior to filing suit, Plaintiff circled the area that caused her to fall; her circle included the curb, part of the street, and the narrow strip of concrete on the street side of the decorative inlay. (Def. Material Facts Not in Dispute ¶ 16; Ex. E.) At her deposition, Plaintiff made another, smaller circle that encompassed the narrow strip of concrete on the

street side of the decorative inlay and potentially included the edge of the curb. (Def. Material Facts Not in Dispute ¶ 15; Ex. D.) Plaintiff testified at her deposition that she tripped before reaching the curb. (Pl. Dep. 49:5-49:17, 52:3-52:21, 53:19-54:1.) The location identified by Plaintiff's circles is ambiguous, and Plaintiff's testimony indicates that she fell on the sidewalk. The Court cannot conclude, as a matter of law, that Plaintiff tripped on the curb.[4]

When viewing the facts in the light most favorable to Plaintiff, a reasonable jury could determine that Plaintiff's fall occurred on a feature of the sidewalk rather than the curb. The location of Plaintiff's fall is a genuine issue of material fact, and summary judgment is inappropriate.

### 3. Whether Defendant Knew or Should Have Known of Defect

Whether Defendant knew or should have known of the defect that caused Plaintiff to fall is also a genuine issue of material fact.

The abutting commercial owner's responsibility "arises only if, after actual or constructive notice, he has not acted in a reasonably prudent manner under the circumstances to remove or reduce the hazard." Mirza v. Filmore Corp., 92 N.J. 390, 395

---

[4] Even if Plaintiff did trip on the curb, it still could have been a feature of the sidewalk. Commercial landowners can be liable for curbs that "are structurally an integral part of . . . sidewalks." Levin, 221 N.J. Super. at 65.

(1983). The test is "whether a reasonably prudent person, who knows or should have known of the condition, would have within a reasonable period of time thereafter caused the public sidewalk to be in reasonably safe condition." Id. at 395-96 (footnote omitted).

Defendant argues that there is no evidence that it knew or should have known of the defect alleged by Plaintiff. (Def. Mot. Br. at 7.) Conversely, Plaintiff's expert asserts that Defendant knew or should have known of the defective condition of the sidewalk because "[t]he sidewalk exhibited a state of disrepair that was of a longstanding nature in that it had existed for more than two years before the date of [the] accident." (Posusney Report at 2, 5.) He further asserted that "if a competent person performed a visual inspection of the incident sidewalk, the trip and fall hazard that caused [Plaintiff's] accident would have been recognized and could have been eliminated through corrective maintenance." (Id. at 4.)

Defendant challenges Plaintiff's expert on the grounds that Posusney inspected the area three years after the accident. Posusney did, however, "review[] photographs which depict the condition of the accident location on the date of Susan Tait's accident . . . ." (Posusney Report at 2.)

Defendant also asserts that "a review of the relatively contemporaneous photographs . . . shows no particularly obvious

9

flaw or defect in the sidewalk . . . ." (Def. Reply at 4.) Whether the defect on which Plaintiff tripped was "particularly obvious" is a question of fact that the jury should determine. The Court cannot examine photographs and determine whether a flaw is "particularly obvious" such that a reasonably prudent person would have noticed it.

Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could find that Defendant knew or should have known of the defect based on Plaintiff's expert report. Defendant's summary judgment motion will be denied.[5]

## IV. CONCLUSION

The Court denies Defendant's motion for summary judgment because there are genuine issues of material fact regarding the characterization of the decorative inlay, where Plaintiff fell, and whether Defendant knew or should have known of the defect. The accompanying Order will be entered.

**March 18, 2014**                                **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  Chief U.S. District Judge

---

[5] Plaintiff also argued that the City of North Wildwood has a municipal ordinance requiring landowners to maintain sidewalks and curbs and that Defendant's deviation from the ordinance is evidence of liability. Because Defendant's summary judgment motion will be denied, the Court need not decide whether Defendant deviated from the ordinance or whether deviation from a municipal ordinance creates tort liability.